USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 1 2 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

    -v-

SANFORD GOTTESMAN,
                      Defendant.

------------------------------------------------------------X

S5 13 Cr. 571(KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

    Following his conviction on March 7, 2014, after a jury trial, defendant Sanford Gottesman has moved to set aside the verdict, for entry of judgment of acquittal, and for a new trial, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. (See Mem. of Law at 1, ECF No. 92.)

    In his motion, Gottesman asserts that there was insufficient evidence of knowledge or criminal intent, and that the Court erroneously gave the jury a "conscious avoidance" instruction as part of its charge. The Court assumes familiarity with the facts relating to this matter and refers to the trial record for the same, and to the Government's memorandum in opposition to this motion for a summary of the same. (See Gov't Opp. at 3-8, 10-12, ECF No. 95.)

    Having considered the argument presented by Gottesman and the Government, the Court hereby DENIES the motions.

1

I.  STANDARDS OF REVIEW

A defendant challenging the sufficiency of the evidence bears a heavy burden. United States v. Gaskin, 364 F.3d 438, 459 (2d Cir. 2004). The standard of review is exceedingly deferential. United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008). Because Gottesman was found guilty by the jury at trial, the Court views the evidence in the light most favorable to the Government, crediting every inference that could have been drawn in the Government's favor and deferring to the jury's assessment of witness credibility and the weight to be given to the evidence. See United States v. Chavez, 549 F.3d 119, 124 (2d Cir. 2008). Under this standard, a jury verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Persico, 645 F.3d 85, 105 (2d Cir. 2011).

Rule 33 authorizes a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). In connection with a Rule 33 motion, a court may weigh evidence and assess credibility of witnesses. However, a court should only intrude upon the jury function of credibility assessment in exceptional circumstances. United States v. Thompson, 528 F.3d 110, 120 (2d Cir. 2008). The question for this Court is whether manifest injustice would result if it allows a guilty verdict to stand. See United States v. Snype, 441 F.3d 119, 140 (2d Cir. 2001).

II. DISCUSSION

Gottesman is not entitled to relief under either Rule 29 or 33.

A. Sufficiency of the Evidence

Gottesman was charged with participating in an advance fee scheme: soliciting advance fees from small businesses to procure purported loans. The evidence at trial unquestionably supports Gottesman having played an integral role in the scheme. He set up infrastructure used to facilitate the scheme, met with victims, portrayed the business as real, and misstated the history and track record of the firm. In fact, not a single loan was obtained for any of the victims. Gottesman testified on his own behalf and admitted to making false and misleading statements to victims. He admitted to knowing of and using a variety of aliases for his co-conspirators. His knowing participation was overwhelming.

B. Conscious Avoidance Charge

The law in the Second Circuit fully supports the Court's instruction on conscious avoidance. United States v. Ebbers, 458 F.3d 110, 124 (2d Cir. 2006); see also United States v. Ghailani, 733 F.3d 29, 52 (2d Cir. 2013). "A conscious avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." Ebbers, 458 F.3d at 124 (internal quotation marks omitted) (quoting United States v. Hopkins, 53 F.3d 533, 542 (2d Cir. 1995). The Government need not choose between an "actual knowledge" and

3

"conscious avoidance" theories. United States v. Ferguson, 676 F.3d 260, 278 (2d Cir. 2011).

Here, the instant motion demonstrates that knowledge was at issue—Gottesman claims that, despite ample evidence that he was involved in a barely veiled fraudulent scheme, somehow he managed not to learn the truth. (See Mem. of Law at 3, 6.) This frankly makes no sense; as the evidence admitted at trial demonstrates,[1] this is the quintessential case for a conscious avoidance charge.

Gottesman next contends that, even if giving the charge was supportable, the content of the charge was itself wrong. This is incorrect. Gottesman argues that it was error for the Court to instruct the jury in a manner which allowed them to find that he consciously avoided knowing that the object of the conspiracy was unlawful. In fact, the law permits a conscious avoidance charge that does precisely that. United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001). The Second Circuit has addressed the question whether consciously avoiding knowing the object of a conspiracy can negate an illicit agreement, and found that it does not. United States v. Svoboda, 347 F.3d 471, 479-80 (2d Cir. 2003) (a defendant's "conscious avoidance of knowledge of the aims of a conspiracy may be invoked as the equivalent of knowledge of the unlawful aims.")

The defendant also argues that the instruction conflicts with the Supreme Court's decision in Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060 (2011). This is incorrect. The Second Circuit has directly addressed this question and has

---

[1] In its opposition, the Government recites seven particular groups of facts that supported the inclusion of a conscious avoidance charge in this case. (See Gov't Opp. at 10-11.)

found that <u>Global-Tech</u> does not change the law in this circuit. <u>United States v. Goffer</u>, 721 F.3d 113, 128 (2d Cir. 2013).

In sum, Gottesman's arguments with respect to the propriety of the Court's conscious avoidance instruction are without merit.

III. CONCLUSION

For all of the reasons set forth above, Gottesman's motions for acquittal or a new trial are DENIED.

The Clerk of the Court is directed to close the motion at ECF No. 90.

SO ORDERED.

Dated:  New York, New York
        May 12, 2014

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　KATHERINE B. FORREST
　　　　　　　　　　　　　　　　　United States District Judge

5